UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                )
PIERRE BOSTIC                                         )
                                                                )
          Plaintiff,                                          )
                                                                )
v.                                                               ) Civil Action No.  1:07-cv-01383 EGS
                                                                )
UNITED STATES CAPITOL POLICE, *et al.*        )
                                                                )
          Defendants.                                    )
_____)

THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

          The District of Columbia ("the District"), through undersigned counsel, pursuant to Fed.

R. Civ. P. 12(b)(6) and 56(b) hereby move this Honorable Court to dismiss the Plaintiff's

complaint or, in the alternative, for summary judgment on all counts of the Complaint.   As

grounds therefore, the District states that: (1) the plaintiff's complaint is precluded on the basis

of *res judicata*; and (2) the plaintiff's complaint is time barred by the statute of limitations.  The

grounds and the reasons are set forth more fully in the accompanying Memorandum of Points

and Authorities and proposed Order.

                                             Respectfully submitted,

                                             PETER J. NICKELS
                                             Interim Attorney General for the District of Columbia

                                             GEORGE C. VALENTINE
                                             Deputy Attorney General, Civil Litigation Division

                                             /S/  Kimberly M. Johnson
                                             KIMBERLY M. JOHNSON [435163]
                                             Chief, Civil Litigation Sec. I

/S/   Darrell Chambers
DARRELL CHAMBERS[1]
Assistant Attorney General
441 4TH Street, NW, Suite 600 South
Washington, D.C.  20001
202-724-6539
e-mail: darrell.chambers@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 3rd day of JUNE, 2008, a copy of Defendant's Motion

To Dismiss or for Summary Judgment was served electronically on:

Robert D. Scott, Esquire
P. O. Box 247
Mt. Rainier, MD 20712
*Attorney for Plaintiff*

Alexander Daniel Shoaibi
Assistant U.S. Attorney
555 Fourth Street, NW
E-4218
Washington, DC 20530
*Attorney for the U.S. Capitol Police*
*And Officer Darryl Banks*

/S/   Darrell Chambers
DARRELL CHAMBERS

---

[1] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Darrell Chambers has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
PIERRE BOSTIC                                           )
                                                        )
        Plaintiff,                                      )
                                                        )
v.                                                      ) Civil Action No.  1:07-cv-01383 EGS
                                                        )
UNITED STATES CAPITOL POLICE, *et al.*                  )
                                                        )
        Defendants.                                     )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF THE DISTRICT OF COLUMBIA'S MOTION
TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

The District of Columbia ("the District"), through undersigned counsel, pursuant to Fed.

R. Civ. P. 12(b)(6) and 56(b) hereby submit this Memorandum of Points and Authorities in

Support of its Motion to Dismiss or in the alternative, for Summary Judgment, stating:

### *Preliminary Statement*

Plaintiff alleges that on February 14, 2004, he was falsely arrested and imprisoned as well

as assaulted and battered by Officer Darryl Banks of the United States Capitol Police. See

complaint.  Plaintiff further avers that the false arrest, false imprisonment, assault and battery

were committed by the defendants, including the District, without legal justification.  See

complaint.  Plaintiff also alleges that the District was negligent for failing to adequately

supervise and/or maintain the records of the Department of Motor Vehicles and/or any other

agency relied upon by the U.S. Capitol Police in arresting the Plaintiff.  See complaint.

On August 30, 2004, Plaintiff filed a lawsuit against the District in the District of

Columbia Superior Court under Civil Action No.: 2004-CA-6592. See Superior Court Complaint

attached as Exhibit #1.  The complaint alleged that on February 14, 2004, Plaintiff was assaulted

and battered by Officer Darryl Banks of the United States Capitol Police. See Exhibit #1 at ¶ 7.

Plaintiff further averred that the District of Columbia was at all relevant times the employer of

said officer and therefore responsible for his hiring training and supervision. See Exhibit #1 at ¶¶

3 and 4.   Plaintiff also alleged that the District was responsible for the hiring, training and

supervision of members of the Metropolitan Police Department, Department of Motor Vehicles

and/or the United States Capitol Police. See Exhibit #1 at ¶¶ 3 and 4.

<u>*Argument*</u>

**I.    The Legal Standard.**

A.    Dismissal for failure to state a claim.

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do. *Bell Atlantic Corp., et al. v. William Twombly, et al.*, 127 S. Ct.

1955 (2007).   Factual allegations must be enough to raise a right to relief above the speculative

level. *Bell Atlantic Corp.*, 127 S. Ct. at 1964. When the allegations in a complaint, however true,

could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the

point of minimum expenditure of time and money by the parties and the court. *Id.* at 1966.

A motion to dismiss for failure to state a claim should be granted when it appears that,

under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of

facts that would justify relief.  *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C. Cir. 1987);

*Conley v. Gibson,* 355 U.S. 41, 45 (1957) (complaint should not be dismissed for failure to state

claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of her

claim which would entitle her to relief).   The movant is not entitled to judgment if there are

allegations in the complaint which, if proved, would provide a basis for recovery. *Haynesworth,* 820 F.2d at 1254. As this Court has observed,

> When a party moves to dismiss for lack of subject-matter jurisdiction or for judgment on the pleadings, the court may consider the motion based on the complaint standing alone or, where necessary, on the complaint "supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." This standard follows from the "well-established practice -- endorsed by the Supreme Court forty-five years ago ... of allowing the District Court to make findings when a factual dispute regarding jurisdiction does arise."

*Dale v. Executive Office of the President,* 164 F. Supp. 2d 22, 25 (D.D.C. 2001) (citations omitted). *See also Longwood Village Restaurant, Ltd. v. Ashcroft,* 157 F. Supp. 2d 61, 66-67 (D.D.C. 2001).

B.      Summary Judgment.

Fed. R. Civ. P. 56(c) provides that summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

Once a movant for summary judgment has made the required showing under the rule, the burden shifts to the opposing party to show the existence of an issue of material fact. Nader v. de Toledano, 408 A.2d 31 (DC App. 1979), cert. denied, 444 US 1078 (1980). A motion for summary judgment should be granted unless the party opposing the motion counters the factual allegations with specificity. Miller v. American Coalition of Citizens With Disabilities, Inc., 485 A.2d 186 (DC App. 1984).

The United States Supreme Court has held that in the case of a motion for summary judgment:

> the burden is not on the party moving for summary judgment to
> produce evidence showing the absence of a genuine issue of
> material fact, even with respect to an issue on which the
> nonmoving party bears the burden of proof. Instead, as we have
> explained, the burden on the moving party may be discharged by
> 'showing' -- that is, pointing out to the district court -- that there is
> an absence of evidence to support the nonmoving party's case.

Celotex Corporation v. Catrett, 477 US 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

In the instant case, Plaintiff is suing for  However, as discussed below, Plaintiff's claims

must fail, as a matter of law, and the Defendant is are entitled to judgment in its favor.

**II.     The Plaintiff's Complaint Should Be Dismissed Because This Claim Already Has
Been Litigated In The District Of Columbia Superior Court.**

Under the doctrine of *res judicata* and the closely related principle of claim preclusion,

the plaintiff's lawsuit must be dismissed.  According to the Supreme Court, the rule of *res*

*judicata*:

> provides that when a court of competent jurisdiction has entered a
> final judgment on the merits of a cause of action, the parties to the
> suit and their privies are thereafter bound "not only as to every
> matter which was offered and received to sustain or defeat the
> claim or demand, but as to any other admissible matter *which*
> *might have been offered for that purpose.*"  The judgment puts an
> end to the cause of action, which cannot be brought into litigation
> between the parties upon any ground whatever, absent fraud or
> some other factor invalidating the judgment.

*Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948) (quoting *Cromwell v. County of Sac*, 94 U.S.

351, 352 (1876) (cited in *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 578-79 (1974).  *See*

*also* Wright, Miller & Cooper Federal Practice and Procedure: Jurisdiction § 4406 at 45 (1981).

Here, Plaintiff filed Civil Action Number 04-6592 in the District of Columbia Superior Court

against the District of Columbia ("Bostic I").  Bostic I and the case before this Court ("Bostic

II") involve the same parties—Mr. Bostic and the District of Columbia—and both cases arise out

of the same incident and involve identical factual allegations.  Furthermore, Bostic I reached a final adjudication on the merits.  As such, Bostic II is precluded under the doctrine of *res judicata*.

**a.     Bostic I Involved The Same Parties And The Same Factual Allegations As Bostic II.**

A claim is precluded by a prior "final judgment" if the judgment: (1) involved the same parties; and (2) derived from the same "transaction, or series of connected transactions, out of which the [subsequent] action arose."  Restatement Second of Judgments, 1981 § 24 (cited in Wright, Miller & Cooper Federal Practice and Procedure: Jurisdiction § 4407 at 55).  Here, it cannot be disputed that Bostic I and Bostic II involve the same parties.  Mr. Bostic is the plaintiff in each action.  The District of Columbia is a defendant in each action.  Furthermore, Bostic I and Bostic II both arise out of the same operational set of facts.  Whether two factual scenarios constitute the same transaction is "determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."  Restatement Second of Judgments, 1981 § 24 (cited in Wright, Miller & Cooper Federal Practice and Procedure: Jurisdiction § 4407 at 55).

There can be no dispute that the plaintiff in this action is claiming a right to recovery under the same factual scenario he set forth in Bostic I.  The plaintiff's complaint clearly concerns Plaintiff's arrest on February 14, 2004 by U.S. Capitol Police Officer Darryl Banks.  See complaint generally and Exhibit #1.  It is undisputed that both cases are derived from the same operative set of facts and involve the same parties. *See Advantage Health Plan, Inc. v. Knight*, 139 F. Supp2d 108, 110 (D.D.C 2001).

### b.    Bostic I Resulted In A Final Judgment On The Merits Of The Case

Pursuant to applicable statutes and case law, the Superior Court's decision in Bostic I was a final judgment. "To be final, . . . an order 'must "dispose of the whole case on its merits so that the court has nothing remaining to do but to execute the judgment or decree already rendered." *Dyer v. William S. Bergman & Assocs.*, 635 A.2d 1285, 1287 (D.C. 1993) (quoting *Trilon Plaza Co. v. Allstate Leasing Co.,* 399 A.2d 34, 36 (D.C. 1979)); *see also Royal Ins. Co. of Am. v. Kirksville College of Osteopathic Med.*, 304 F.3d 804, 808 (8th Cir. 2002) (holding that "[claim] preclusion seems warranted so long as the court clearly intended to terminate all proceedings as to the claims or parties involved and no attempt to appeal was thwarted.")  Here, in Bostic I the Superior Court dismissed Plaintiff's claims against the District on December 8, 2004. See Superior Court Order attached as Exhibit #2.  The basis of the District's motion was that Officer Banks was not an employee of the District of Columbia and, therefore, the District could not be held liable for his tortuous acts as a matter of law. See the District's Motion to Dismiss Bostic I attached as Exhibit #3.  The Superior Court clearly intended to terminate all proceedings as to the claims against the District in Bostic I allowing the Plaintiff to seek relief from the District of Columbia Court of Appeals.  In fact, Plaintiff appealed the Superior Court's dismissal to the Court of Appeals.  The Court of Appeals affirmed the ruling of the trial court on or about August 31, 2006.  See copy of the Superior Court Docket entries from Bostic I attached as Exhibit #4. The Superior Court's dismissal of Bostic I constituted a "final judgment" on the merits of the case.  Thus, Plaintiff is precluded from bringing the instant action.

### c.    Plaintiff's Reliance On Different Bases Than That Of Bostic I Is Immaterial To Res Judicata, Because The Plaintiff Could Have Brought His Constitutional Claims And His Common Law Negligence Claim In The First Suit.

Plaintiff's negligence and 42 U.S.C. § 1983 claims, while new to this action, are barred by the doctrine of *res judicata*.  The doctrine of *res judicata* bars any subsequent action arising out of the same set of operative facts as the first action.  It is immaterial which specific statutory causes of action were pled in the original complaint.  Instead, a prior judgment on the merits of a case "'estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which *might have been* presented.'"  *Johnson v. Capital City Mortgage Corp.*, 723 A.2d 852 (D.C. 1999) (emphasis added), (quoting *Carr v. Rose*, 701 A.2d 1065, 1070 (D.C. 1997)).  The test is not whether the plaintiff actually litigated every issue that could have been raised, but that the plaintiff had a full and fair opportunity to so litigate.  The Eleventh Circuit Court of Appeals has explained the test for whether a second lawsuit is precluded by a prior judgment:

> Claims are part of the same "cause of action" when they "arise out of the same transaction or series of transactions."  Under the current analysis we make a fact-based inquiry into whether the cases are based on the same factual predicate or came from the same nucleus of operative fact. If they did, they are the "same" for the purposes of *res judicata*. Id. The doctrine is concerned with the substance, and not the form, of the proceedings. Id. "It is now said, in general, that *if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata*." Id. (citation [**13] omitted). Thus, we look to the factual issues that must be resolved by the litigation and ask whether those facts arise out of the same transaction or series thereof. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1239 (11th Cir. 1999). *In so doing we ask whether the plaintiff could, or rather should, have brought the second claim with the first lawsuit.* Id.

*Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1270 (11th Cir. 2002) (emphasis added).

Here, the plaintiff could have included his constitutional claims in the first suit.  The

District of Columbia Superior Court is a court of general jurisdiction; it has the power to hear any cases arising in the District of Columbia, unless the statutory cause of action specifies that the federal courts are to have exclusive jurisdiction. *Slater v. Biehl*, 793 A.2d 1268, 1271 (D.C. 2002); *see King v. Kidd*, 640 A.2d 656, 659 (D.C. 1993).

Plaintiff certainly could have, and should have, brought his negligence claim in the Superior Court when he filed Bostic I. He did not. Plaintiff could also have filed his § 1983 claim in the Superior Court but failed to do so. Clearly, had Plaintiff thought that it would be more advantageous to file his constitutional and common law claims in federal court, he could have filed Bostic I in this Court. Because such an action would have invoked federal question jurisdiction, the District Court would have had the authority to assert pendent jurisdiction over the Plaintiff's common law claims. Either way, the Plaintiff had a full and fair opportunity to bring all of his claims against the District in Bostic I. Because the Superior Court dismissed that action on the merits, the Plaintiff's subsequent attempt to file the instant suit is barred under the doctrine of *res judicata*.

## III.    The Plaintiff's claims for damages resulting from false arrest, false imprisonment, assault & battery, negligence, intentional infliction of emotional distress, and 42 U.S.C. § 1983 are limited by the applicable statute of limitations.

D.C. Code § 12-301 (4) and (8) proscribes the limitation of time for bringing actions in the District of Columbia. The statute reads in pertinent part:

> "Except as otherwise specifically provided by law, actions for the following purposes may not be brought after the expiration of the period specified below from the time the right to maintain the action accrues:
>
> (4) for libel, slander, assault, battery, mayhem, wounding, malicious prosecution, false arrest or false imprisonment – 1 year;"

> (8) for which a limitation is not otherwise specially prescribed – 3 years;"

D.C. Code § 12-301 (4), (8).

The plain language of the statute mandates that an individual's claim for false arrest and false imprisonment be filed within one year of the date the cause of action accrues. Likewise, under District of Columbia law, there is a one year statute of limitations applied to claims of intentional infliction of emotional distress when the claim is based on a cause of action having a one year statute of limitations. See *Deloris M. Saunders v. Massoud Nemati*, 580 A.2d 660 (1990); See also *Rogers v. Bostic-Norman*, 466 F. Supp. 2d 162 (2006); *Rynn v. Jaffe,* 457 F. Supp 2d 22 (2006) (defamation, assault, battery, false arrest, false light, and false imprisonment claims were time barred under the District of Columbia's one-year statute of limitations; furthermore, since there was no independent basis for the plaintiffs' intentional infliction of emotional distress claim, it was subject to the one-year limitations period, rather than the three year limitations period for residual tort claims). Under District law negligence claims must be brought within three years from the time the right to maintain the action accrues, i.e. when the plaintiff suffers injury. *Fort Meyers Seafood Packers, Inc. v. Steptoe and Bostic*, 381 F.2d 261 (C.A.D.C. 1967); *Prouty v. National R.R. Passenger Corp.,* 572 F.Supp 200 (D.D.C. 1983).

Plaintiff was allegedly arrested on February 14, 2004. See complaint. Thus, the statute of limitations began to run on that date. Plaintiff would have had to file his lawsuit on or before February 14, 2005 in order to comply with the applicable statute of limitations for false arrest, false imprisonment, assault & battery and intentional infliction of emotional distress. The suit was filed on July 30, 2007, two years and five months late. He would have had to file on or before February 14, 2007 in order to comply with the applicable statute of limitations for

negligence.  The suit was filed on July 30, 2007, five months late.  Therefore, plaintiff's claims must be denied as time barred.

Plaintiff prefaces his complaint indicating that the action is brought pursuant to 42 U.S.C. § 1983 for violation of his Civil Rights under the Fourth Amendment to Constitution.  Any constitutional claims Plaintiff may have against the District under Title 42 U.S.C. § 1983 are barred by the statute of limitations.  According to the Supreme Court of the United States, a court should borrow the general or residual statute for personal injury actions when addressing a § 1983 claim.  *Owens v. Okure*, 488 U.S. 235, 249-250 (1989).  The purpose of adopting the residual statute of limitations is to make it predictable and easy for a Plaintiff to determine the appropriate statute of limitations before filing a 1983 claim.  *Id.* at 248.  In the District, the residual statute of limitations for personal injury claims is three years, as is set forth in D.C. Code 12-301(8).  *See Owens v. Okure*, 488 U.S. 235 (1989).  According to the District of Columbia Court of Appeals, "the statute-of-limitations clock starts ticking when the plaintiff has sufficient 'notice of the conduct … which is now asserted as the basis for [her] lawsuit.'"  *Hall v. Clinton*, 285 F.3d 74, 82 (D.C. Cir 2002). (quoting *Fitzgerald v. Seamans*, 533 F.2d 220, 228-29 (D.C. Cir. 1977).

A plaintiff does not have a "carte blanche to defer legal action indefinitely if she knows or should know that she may have suffered injury and that the defendant may have caused her harm."  *Hendell v. World Plan Executive Council*, 705 A.2d 656, 661 (D.C. 1997).  Here, the last act that the Plaintiff claims was committed by the District which caused him damage occurred on February 14, 2004 when he was falsely arrested, falsely imprisoned, assaulted and battered.  Plaintiff also makes a claim that the District was negligent for failing to adequately supervise and/or maintain the records of the Department of Motor Vehicles and/or any other agency relied

upon by the U.S. Capitol Police in arresting him on February 14, 2004. Plaintiff was required to file suit no later than February 14, 2007. The instant lawsuit was filed in the U.S. District Court on July 30, 2007, five months late. Thus, any constitutional claims he may have against the District are barred by the three year statute of limitations. *See Hall,* 285 F.3d at 82.

Respectfully submitted,

PETER J. NICKELS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/S/  Kimberly M. Johnson
KIMBERLY M. JOHNSON [435163]
Chief, Civil Litigation Sec. I

/S/   Darrell Chambers
DARRELL CHAMBERS
Assistant Attorney General
441 4TH Street, NW, Suite 600 South
Washington, D.C.  20001
202-724-6539
e-mail: darrell.chambers@dc.gov
Attorney for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| PIERRE BOSTIC | ) |
|  | ) |
|     Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 1:07-cv-01383 EGS |
| UNITED STATES CAPITOL POLICE, *et al.* | ) |
|  | ) |
|     Defendants. | ) |

_____

## DEFENDANTS' STATEMENT OF MATERIAL UNDISPUTED FACTS

1. Plaintiff filed Civil Action Number 04-6592 in the District of Columbia Superior Court against the District of Columbia. See Exhibit #1.

2. The basis of the complaint in Civil Action Number 04-6592 (Bostic I) was an incident where Plaintiff was arrested by U.S. Capitol Police Officer Darryl Banks on February 14, 2004. See Exhibit #1.

3. The basis of the complaint before this Court (Bostic II) is an incident where Plaintiff was arrested by U.S. Capitol Police Officer Darryl Banks on February 14, 2004.

4. Civil Action Number 04-6592 (Bostic I) was dismissed by the District of Columbia Superior Court. See Exhibit #2.

5. Plaintiff filed an appeal of the Superior Court's dismissal of Civil Action Number 04-6592 (Bostic I). See Exhibit #4.

6. The Superior Court's dismissal of Civil Action Number 04-6592 (Bostic I) was affirmed by the District of Columbia Court of Appeals. See Exhibit #4.

Respectfully submitted,

PETER NICKELS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

\s\ Kimberly M. Johnson
KIMBERLY M. JOHNSON [435163]
Chief, General Litigation Sec. I

\s\ Darrell Chambers
DARRELL CHAMBERS
Assistant Attorney General
441 4TH Street, N.W., 6th Floor South
Washington, D.C.  20001
202-724-6539; 202-727-3625

## CERTIFICATE PURSUANT TO LOCAL RULE LCvR7(m)

I hereby certify that on May 30, 2008 I called counsel for Plaintiff, Robert Scott, and left a voice mail message requesting his consent to the relief sought in this motion.  I have not received a return call from Mr. Scott.   Since Plaintiff has not consented the court should consider this motion contested.

\s\ Darrell Chambers
DARRELL CHAMBERS

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 3th day of JUNE, 2008, copies of the foregoing

Motion To Dismiss Or In The Alternative For Summary Judgment and Memorandum of Points

and Authorities In Support Thereof were served electronically upon:

Robert D. Scott, Esquire
P. O. Box 247
Mt. Rainier, MD 20712
Attorney for Plaintiff

Alexander Daniel Shoaibi
Assistant U.S. Attorney
555 Fourth Street, NW
E-4218
Washington, DC 20530
*Attorney for the U.S. Capitol Police*
*And Officer Darryl Banks*


/S/   Darrell Chambers
DARRELL CHAMBERS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
PIERRE BOSTIC                                           )
                                                        )
          Plaintiff,                                    )
                                                        )
v.                                                      ) Civil Action No.  1:07-cv-01383 EGS
                                                        )
UNITED STATES CAPITOL POLICE, *et al.*                  )
                                                        )
          Defendants.                                   )
_____)

### **ORDER**

UPON CONSIDERATION of the Defendant's Motion, and any opposition thereto, it is this _____ day of _____ 2008, by the United States District Court for the District of Columbia, ORDERED and ADJUDGED:

1.     That the District's Motion be, and it is hereby, GRANTED; and

2.     That Plaintiff's complaint against the District in Civil Action No.: 07-01383 is hereby DISMISSED WITH PREJUDICE.

                              _____
                              UNITED STATES DISTRICT JUDGE

EXHIBIT 1

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

PIERRE BOSTIC
333 K Street, S.E.
Washington, D.C. 20003

       Plaintiff

   v.

                                   C.A.  :
                                   04-0006592

DISTRICT OF COLUMBIA
C/O HONORABLE ANTHONY A. WILLIAMS,
MAYOR
441 – 4th Street, N. W., 9th Floor
Washington, D.C. 20001

       Defendant

**FILED**
CIVIL ACTIONS BRANCH

AUG 3 0 2004

Superior Court
of the District of Columbia
Washington, D.C.

### COMPLAINT

    1.  Jurisdiction is founded pursuant to D.C. Code Sec. 11-921, Sec. 13-422 and

Sec. 13-423, (1981 edition, as amended).

    2.  Plaintiff is an adult resident of the United States and the District of Columbia.

Defendant, District of Columbia is a municipal corporation

    3.  Defendant, District of Columbia is and was at all times herein relevant to this

complaint, the employer of and responsible for the hiring, training and supervision of ,

retaining in its employ and continued employment of police officers of the Metropolitan

Police Department, as well as, employees of the Department of Motor Vehicles and/or

U.S. Capitol Police Department .

    4.  All acts and/or omissions herein alleged to have been of any member of the

Metropolitan Police Department, U.S. Capitol Police Department and/or Department of

Motor Vehicles were performed by them in their official capacity as police officers and agents, servants, and employees of the defendant, District of Columbia, and were in the scope of their employment by the defendant, District of Columbia.

5.   All acts and/or omissions alleged herein occurred in the District of Columbia

6.   On or about March 23, 2004, and July 13, 2004, plaintiff served notice of this cause of action of action on the Office of Mayor Anthony A. Williams, pursuant to D.C. Code Sec. 12-309.

7.   On or about February 14, 2004, at or about 7:00 p.m., at or near the intersection of South Capitol Streets and I Streets, S.W., plaintiff, Pierre Bostic was falsely arrested and imprisoned as well as assaulted and battered by U.S. Capitol Police Officer, Darryl Banks, Badge # 4603.

8.   The aforesaid false arrest and imprisonment and assault and battery of the Plaintiff and other applications of physical force onto the plaintiff, Pierre Bostic, by the defendant, District of Columbia , its agents and employees was without legal justification therefore and was unnecessary and excessive force.  Said force was unreasonable and of an abusive and punitive nature.

COUNT 1
(False Arrest & Imprisonment)

9.   Paragraphs 1-8 are herein incorporated by reference.

10. The actions set for the above by the defendant, its agents and employees, constitute false arrest and imprisonment of the plaintiff, Pierre Bostic.

COUNT 11
(Assault & Battery)

11. Paragraphs 1-10 are herein incorporated by reference.

2

12. The actions set forth above by the defendant, its agents and employees constitute assault and battery of the plaintiff, Pierre Bostic.

## COUNT III

### (Intentional Infliction of Emotional Distress)

13. Paragraphs 1-12 are herein incorporated by reference.

14. The actions set forth above by the defendant, its agents and employees constitute the intentional infliction of emotional distress in that the defendant, its and employees knew or should have known that plaintiff had not committed any criminal offense justifying the arrest of plaintiff, Pierre Bostic.

## INJURIES

16. As a direct and proximate result of the actions of the defendant, its agents and employees, described in this complaint and set forth in each count herein, the plaintiff suffered personal and permanent emotional injuries and will continue to experience extreme emotional and mental anguish, distress, anxiety and humiliation. Plaintiff has lost income, incurred medical expenses and legal fees.

Wherefore, premises considered, plaintiff, Pierre Bostic, demands judgment against the defendant, District of Columbia in the sum of $500,00.00, (Five Hundred Thousand Dollars), with interest, at the legal rate, from date of judgment plus costs of this action.

3

Respectfully submitted,

_____
Robert D. Scott, Esquire
D.C. Bar 425749
Counsel for Plaintiff
Post Office Box 247
Mt. Rainier, MD 20712
301-864-8611

### JURY DEMAND

Plaintiff hereby demands a trial by a jury of (12) on the issues raised herein.

_____          _____
Pierre Bostic, Plaintiff                           Robert D. Scott, Esquire

### VERIFICATION

Pierre Bostic, being first duly sworn upon oath, states that I have read the foregoing complaint, by me subscribed and that its contents are true to the best of my knowledge, information and belief.

_____
Pierre Bostic, Plaintiff

DISTRICT OF COLUMBIA,ss

SUBSCRIBED AND SWORN TO BEFORE ME this 9th day of August, 2004.

My Commission Expires:

_____
NOTARY PUBLIC

My Commission Expires September 14, 2004
Melanie Barnes

4

EXHIBIT #2

IN THE DISTRICT OF COLUMBIA SUPERIOR COURT
-CIVIL DIVISION-

FILED
RECEIVED BY MAIL
DEC 0 9 2004
Superior Court
of the District of Columbia
Washington, D.C.

PIERRE BOSTIC,               )
                             )
        Plaintiff,           )
                             )
    v.                       )    Civil Action No. 04-6592
                             )    Calendar 1: Judge Bush
                             )    Next Event: Initial Schedul. Conf.
DISTRICT OF COLUMBIA,        )    December 10, 2004
                             )
        Defendant.           )

FILED
CIVIL ACTIONS BRANCH
DEC 1 0 2004
Superior Court
of the District of Columbia
Washington, D.C.

ORDER

Upon consideration of the defendant District of Columbia's motion to dismiss, *Plaintiff's and Defendant's* memorandum of points and authorities in support thereof, ~~any~~ opposition thereto, ~~any~~ reply, the facts, the law and the record herein, it is this __8th__ day of __Dec__ 2004, and it is,

**ORDERED:** that the defendant District of Columbia's motion to dismiss the *See, Sadler v. D'Ambrosia, 759 F Supp 4 (DDc 1990)* complaint is hereby **GRANTED;** and it is,

**FURTHER ORDERED:** that plaintiff's complaint in Civil Action No. 04-6592 is hereby **DISMISSED WITH PREJUDICE.**

ZOE BUSH
Associate Judge, D.C. Superior Court

MAILED DEC 1 3 2004
DOCKETED DEC 1 3 2004

Copies to:

George E. Rickman                    Robert Scott, Esq.
Assistant Attorney General, D.C.     P.O. Box 247
441 4th Street, N.W., Sixth Floor South    Mt. Ranier, MD  20712
Washington, D.C.  20001

8



EXHIBIT #3

ORIGINAL

IN THE DISTRICT OF COLUMBIA SUPERIOR COURT
-CIVIL DIVISION-

**FILED**
CIVIL ACTIONS BRANCH

OCT 22 2004

Superior Court
of the District of Columbia
Washington, D.C.

PIERRE BOSTIC,                                    )
                                                  )
            Plaintiff,                            )
                                                  )
       v.                                         )     Civil Action No. 04-6592
                                                  )     Calendar 1: Judge Bush
DISTRICT OF COLUMBIA,                             )     Next Event: Initial Sched. Conf.
                                                  )     December 10, 2004
            Defendant.                            )

**DEFENDANT DISTRICT OF COLUMBIA'S
MOTION TO DSIMISS THE COMPLAINT**

Defendant District of Columbia ("District"), by and through undersigned counsel, hereby moves this Court to dismiss plaintiff's complaint. As reasons for this motion, the District states the following:

1.     Plaintiff alleges that U.S. Capitol Police Officer Darryl Banks, Badge Number 4603, assaulted and battered plaintiff on February 14, 2004. See Complaint, at ¶ 7. The United States Capitol Police is under the control of the United States Capitol Police Board, Officer Banks is not a D.C. employee, and, as such, the District is not the proper party defendant.

2.     Plaintiff has not alleged any acts or omission by an employee or agent of the District that resulted in any harm to plaintiff. See Complaint, generally.

In support of this motion, the defendant has appended a memorandum of points and authorities hereto.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

5

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

_____
PATRICIA A. JONES #428132
Chief, General Litigation Section IV
Civil Litigation Division

_____
GEORGE E. RICKMAN #433298
Assistant Attorney General, D.C.
General Litigation Section IV
Civil Litigation Division
441 Fourth Street, Sixth Floor South
Washington, D.C. 20001
202-442-9840; 202-727-6295

### SCR-Civil 12-I Certificate

I do hereby certify that on October 21, 2004, attempts to contact Robert Scott,

Esq, counsel for the plaintiff, were made in order to obtain his consent to this motion.

The undersigned was unable to contact Mr. Scott, and this motion should therefore be

considered as opposed.

_____
GEORGE E. RICKMAN
Assistant Attorney General

### CERTIFICATE OF SERVICE

I do hereby certify that on this 22nd day of October, 2004, a copy of this motion,

memorandum of points and authorities in support thereof and proposed order were mailed

first class postage pre-paid to:

Robert Scott, Esq.
P.O. Box 247
Mt. Ranier, MD 20712

_____
GEORGE E. RICKMAN
Assistant Attorney General, D.C.



IN THE DISTRICT OF COLUMBIA SUPERIOR COURT
-CIVIL DIVISION-

| | |
|---|---|
| PIERRE BOSTIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 04-6592 |
| v. ) | Calendar 1: Judge Bush |
| ) | Next Event: Initial Sched. Conf. |
| DISTRICT OF COLUMBIA, ) | December 10, 2004 |
| ) | |
| Defendant. ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DISTRICT ODF COLUMBIA'S
MOTION TO DISMISS THE COMPLAINT

Preliminary Statement

Plaintiff alleges that on February 14, 2004, he was assaulted and battered by

Officer Darryl Banks of the United States Capitol Police. Compl., at ¶ 7. Plaintiff further

avers that the District of Columbia was at all relevant times the employer of said officer

and therefore responsible for the hiring training and supervision of members of the

Metropolitan Police Department, Department of Motor Vehicles and/or the United States

Capitol Police.  Compl., at ¶¶ 3 and 4. Aside from the allegation against Officer Banks,

plaintiff does not allege any other wrongdoing by any District of Columbia employee.

Compl., generally.

Standard to be Applied

In reviewing the sufficiency of a complaint brought pursuant to SCR-Civil

12(b)(6), a court must consider the facts presented in the pleading as true and construe

them and all reasonable inferences in the light most favorable to the plaintiff. *See*



*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and citing *Gardner v Toilet Goods Assn.*, 387 U.S. 167, 172 (1967)). The court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See Kowal v. M.C.I. Communications Corp.*, 16 F.3d 1271, 1275 (D.C. Cir. 1994). Dismissal is warranted only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Cauman v. George Washington University,* 630 A2d 1104 (D.C. 1993).

Argument

a)      The District is not the proper party defendant.

The United States Capitol Police is not a part of the District government. Under 40 U.S.C. § 212(a) & 212(b) (1994), the United States Capitol Police Board controls the activities of the United States Capitol Police ("USCP"). The Board consists of the Architect of the Capitol and the Sergeants at Arms of the House and the Senate. Under this same provision, the USCP is charged with policing the United States Capitol, the grounds of the Capitol and all of the House and Senate office buildings. *Id.*

Plaintiff's allegation that the incident occurred at the intersection of South Capitol and I Streets in the District of Columbia does not alter the ultimate responsibility and control over the USCP. In *Saddler v. D'Ambrosia,* 759 F.Supp. 4 (D.D.C.1990), the court concluded that an incident involving the USCP that occurs outside of their defined jurisdiction does not remove them from the control and responsibility of the United States Capitol Police Board. As such, the District is not the proper party defendant and the complaint must accordingly be dismissed.





b)      Plaintiff has failed to allege any wrongdoing against the District.

Plaintiff has failed to allege any facts to support any claims of wrongdoing by the District. In his complaint, plaintiff simply identifies the Metropolitan Police Department and the Department of Motor Vehicles as District agencies. Plaintiff, however, does not make any allegations aside from those that are alleged against Officer Banks of the USCP. See Complaint, generally. In the absence of any allegations against the District, the complaint must be dismissed for its failure to state any claim for which relief could be granted.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

_____
PATRICIA A. JONES #428132
Chief, General Litigation Section IV
Civil Litigation Division

_____
GEORGE E. RICKMAN #433298
Assistant Attorney General, D.C.
General Litigation Section IV
Civil Litigation Division
441 Fourth Street, Sixth Floor South
Washington, D.C. 20001
202-442-9840; 202-727-6295


IN THE DISTRICT OF COLUMBIA SUPERIOR COURT
-CIVIL DIVISION-

PIERRE BOSTIC, )
                      )
       Plaintiff, )
                      )      Civil Action No. 04-6592
   v. )      Calendar 1: Judge Bush
                      )      Next Event: Initial Sched. Conf.
DISTRICT OF COLUMBIA, )      December 10, 2004
                      )
       Defendant. )

## ORDER

Upon consideration of the defendant District of Columbia's motion to dismiss, memorandum of points and authorities in support thereof, any opposition thereto, any reply, the facts, the law and the record herein, it is this ____day of _____, 2004, and it is,

**ORDERED:** that the defendant District of Columbia's motion to dismiss the complaint is hereby **GRANTED;** and it is,

**FURTHER ORDERED:** that plaintiff's complaint in Civil Action No. 04-6592 is hereby **DISMISSED WITH PREJUDICE.**

ZOE BUSH
Associate Judge, D.C. Superior Court

Copies to:

George E. Rickman
Assistant Attorney General, D.C.
441 4th Street, N.W., Sixth Floor South
Washington, D.C. 20001

Robert Scott, Esq.
P.O. Box 247
Mt. Ranier, MD 20712

EXHIBIT #4

## 2004 CA 006592 B BOSTIC, PIERRE Vs. DC % MAYOR WILLIAMS

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 08/30/2004 | **Case Status** | Closed | **Case Status Date** | 08/30/2004 |
| | | **Case Disposition** | Order Entered on Docket | **Case Disposition Date** | 12/13/2004 |

### Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|---|---|---|---|---|
| BOSTIC, PIERRE | | PLAINTIFF | SCOTT, Mr ROBERT D | (301)864-8611 |
| DC % MAYOR WILLIAMS | | Defendant | PRO SE | |

### Docket Entries

| Date | Text |
|---|---|
| 09/25/2006 | COA Mandate Affirming Appeal Filed 9/25/06. |
| 09/25/2006 | COA Order Affirming Appeal Filed 8/31/06. |
| 08/31/2006 | ORDERED and ADJUDGED that the trial court's dismissal of appellant's complaint against the District of Columbia is affirmed Signed by Pinkston, Jr |
| 08/31/2006 | Mandate Issued By Pinkston, Jr |
| 02/08/2005 | ORDERED that a briefing order will be issued upon the filing in this ct. by the Clerk of the Super. Ct., the record index, seelg, as required by DC App. R. 11(b)(3)(A) ENTRY BY: Pinkston TDMS TYPE: DOC TDMS EVENT: 1133ord+ CREATED BY/ON: #465 Jones, G 05-03-2005 LAST MODIFIED BY/ON: #465 Jones, G 05-03-2005 |
| 01/12/2005 | Notice of appeal filed by Pierre Bostic from order entered December 12,2004 ENTRY BY: Bostic TDMS TYPE: DOC TDMS EVENT: 2214by TDMS FLAG: s* CREATED BY/ON: #4AR Richards 01-12-2005 LAST MODIFIED BY/ON: #4AR Richards 01-12-2005 |
| 01/12/2005 | Notice of appeal mailed to interested parties ENTRY BY: clerk TDMS TYPE: DOC TDMS EVENT: 9107not* CREATED BY/ON: #4AR Richards 01-12-2005 LAST MODIFIED BY/ON: #4AR Richards 01-12-2005 |
| 12/10/2004 | (mot) motion to join a party deft TDMS TYPE: MOT TDMS EVENT: 9103mot* CREATED BY/ON: #485 Cox, Kin 11-22-2004 LAST MODIFIED BY/ON: #47E Smith, N 12-13-2004 |
| 12/10/2004 | (jsd) Initial SCHEDULING conference @ 9:15am FSDATE: 20041210ss TDMS TYPE: EVT TDMS EVENT: 0296b2A CREATED BY/ON: #445 Terry, P 08-30-2004 LAST MODIFIED BY/ON: #445 Terry, P 08-30-2004 |
| 12/08/2004 | ORDER GRANTING MOTION to dismiss the cmpt., see lg fld 12/10/04, mld 12/13/04 IT IS FURTHER ORDERED that pltf's cmpt in CA no 04-6592 is hereby DISMISSED W/PREJ ENTRY BY: J/Bush TDMS TYPE: MOT TDMS EVENT: 1076mop+ TDMS FLAG: f CREATED BY/ON: #47E Smith, N 10-28-2004 LAST MODIFIED BY/ON: #47E Smith, N 12-13-2004 |
| 11/19/2004 | motion to join a party deft ENTRY BY: bostic TDMS TYPE: MOT TDMS EVENT: 9103mot* CREATED BY/ON: #485 Cox, Kin 11-22-2004 LAST MODIFIED BY/ON: #485 Cox, Kin 11-22-2004 |
| 11/09/2004 | District of Columbia's reply to pltf's opp to its mot to dismiss the complaint ENTRY BY: District TDMS TYPE: DOC TDMS EVENT: 0000dis* CREATED BY/ON: #469 Wilson, 11-12-2004 LAST MODIFIED BY/ON: #469 Wilson, 11-12-2004 |
| 11/02/2004 | (opp) MOTION to dismiss the cmpt ENTRY BY: Bostic TDMS TYPE: MOT TDMS EVENT: 1076mop CREATED BY/ON: #468 Vaughn, 11-03-2004 LAST MODIFIED BY/ON: #468 Vaughn, 11-03-2004 |
| 10/22/2004 | MOTION to dismiss the cmpt ENTRY BY: DC TDMS TYPE: MOT TDMS EVENT: 1076mot CREATED BY/ON: #47E Smith, N 10-28-2004 LAST MODIFIED BY/ON: #47E Smith, N 10-28-2004 |

| | |
|---|---|
| 09/20/2004 | AFFIDAVIT of service of summons and complaint by special process server on DC Municipal Corp. left with Darlene Fields.on 9-10-04 ENTRY BY: (clerk) TDMS TYPE: DOC TDMS EVENT: 1180sps CREATED BY/ON: #2DE Vosh, Ja 09-21-2004 LAST MODIFIED BY/ON: #2DE Vosh, Ja 09-21-2004 |
| 09/20/2004 | AFFIDAVIT of service of summons and complaint by special process server on DC Office of Mayor Anthony Williams left with Tabitha Braxton on 9-8-04 ENTRY BY: (clerk) TDMS TYPE: DOC TDMS EVENT: 1180sps CREATED BY/ON: #2DE Vosh, Ja 09-21-2004 LAST MODIFIED BY/ON: #2DE Vosh, Ja 09-21-2004 |
| 08/30/2004 | Complaint for false arrest TDMS TYPE: CAC TDMS EVENT: 9101C07 CREATED BY/ON: #445 Terry, P 08-30-2004 LAST MODIFIED BY/ON: #445 Terry, P 08-30-2004 |