UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

PIERRE L. BOSTIC

    Plaintiff

v.                                                                                          o1:07-cv-1383
                                                                           (E.G.S)

UNITED STATES CAPITOL POLICE, et al

    Defendants

### PLAINTIFF'S OPPOSITION TO THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT

Comes now plaintiff, Pierre L. Bostic, by and through undersigned counsel and opposes the District of Columbia's Motion to dismiss or alternatively for Summary Judgment pursuant to Federal rules of civil Procedure56, 12-I (k) and Local Civl Rule 56.1 for the reasons more fully set forth in the attached Memorandum of Points and Authorities in opposition thereto.

                                                                        Respectfully submitted,

                                                                        _/s/ Robert D. Scott_

                                                                        Robert D. Scott, Esquire
                                                                        D.C. Bar 425749
                                                                        Counsel for Plaintiff
                                                                        Post Office Box 247
                                                                         Mt. Rainier, MD 20712
                                                                         301-864-8611

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

PIERRE L. BOSTIC

      Plaintiff

v.                                                              01:07-cv-1383
                                                                (E.G.S.)

UNITED STATES CAPITOL POLICE, et al

      Defendants

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT

Comes now plaintiff, Pierre L. Bostic, by and through undersigned counsel and opposes the District of Columbia's Motion to dismiss or Alternatively, for Summary Judgment pursuant to Federal Rules of civil Procedure 56, 12-I (k), and Local Civil Rule 56.1, on the following grounds:

*Background*

Plaintiff gave notice of this claim to the District of Columbia pursuant to D.C. code 12-309, on or about March 16, 2004. That notice was attached to the original complaint in this matter as Exhibit 1. Plaintiff brought this federal claim on or about July 30, 2007, after exhausting his administrative remedies with the United States Capitol Police Board on or about January 31 2007.

The District of Columbia now moves to dismiss this action on the grounds that plaintiff cannot prove any set of facts which would entitle plaintiff, pursuant to Federal Rule of Civil Procedure 12 (b)(6). The district of Columbia also asserts that plaintiff's claim is barred by the doctrine of *res judicata,* as well the *statute of limitations*. All of the District of Columbia's arguments must fail.

*Argument*

1. Federal Rule of Civil Procedure 12(b)(6), provides that dismissal is only appropriate where there is no set of facts, which if proven, would permit recovery in favor of the non-moving party.

Plaintiff asserts that his Federal Tort Claim Act claim of negligence on the part of the District of Columbia and/or the United States Capitol Police are sufficient to survive dismissal under this Rule. It is uncontraverted in the record, at this point, that plaintiff's driving permit was not, in fact, suspended on February 14, 2004, at the time of plaintiff's arrest for Operating After Suspension. That notwithstanding, it is also uncontraverted in the record that the WALES law enforcement system provided information that the plaintiff's permit was suspended. Plaintiff is entitled to proceed with the discovery against the District of Columbia and the United States Capitol Police in order to determine what part each defendant played in entering and/or disseminating that information through the WALES system.

In examining a Motion to Dismiss, "the movant is not entitled to judgment if there are any allegations in the complaint which if proved, would provide a basis for recovery", Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Circ. 1987). Accordingly, the District of Columbia is not entitled to dismissal of this claim.

2. Pursuant to Federal Rule of Civil Procedure 56, summary judgment is an extreme remedy and may on ly be granted where there exists no genuine issue of material fact, which entitles the movant to judgment as a matter of law. The moving party on a motion for summary judgment has the burden of showing the absence of a genuine issue as to any material and for this reason, the material lodged in support of the motion must be viewed in a light most favorable to the opposing party.

Here, we have substantial genuine issues of material facts sufficient to defeat the District's motion. There exists a genuine issue of material fact as to who was/is responsible for the information contained in the WALES system. There is also a genuine issue of material fact as to whether the Bostic 1 case precludes this claim under the doctrine of *res judicata*. There is also a genuine issue of material fact as to whether the statute of limitations was tolled as against the District of Columbia after plaintiff properly gave notice to the District pursuant to D.C. Code 12-309, while plaintiff exhausted his

administrative remedies as against the United States Capitol Police. These genuine issues of material facts preclude the granting of summary judgment in favor of the District of Columbia. See, Celotex Corporation v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986).

3. In the Bostic 1 case, the Superior Court of the District of Columbia narrowly held that there was no agency relationship between the District of Columbia and the United States Capitol which would allow plaintiff to recover. Ultimately, the District of Columbia court of Appeals affirmed that decision on the basis of no agency relationship between the district of Columbia and the United States Capitol Police. Neither court had before it, at that time, plaintiff's federal claim under 42 U.S.C. 1983, for the violation of plaintiff's civil rights. Accordingly, the state courts did not and could not have exercised jurisdiction over plaintiff's federal question. Therefore, plaintiff's claim under 42 U.S.C. 1983, is not barred by the doctrine of *res judicata*.

4. Plaintiff asserts that the statute of limitations was tolled as against the District of Columbia once he properly gave notice of his claim pursuant to D.C. Code 12-309 and properly pursued his administrative remedy pursuant to the Federal Tort Claims Act. That act gives the injured party up to two years to exhaust his administrative remedies prior to filing a civil suit. Thus, the Federal Tort Claims Act statute of limitations supercedes the one year statute of limitations set forth in 12 D.C. Code 301 (4). For all of the foregoing reasons, the District of Columbia is not entitled to dismissal of this claim, nor a granting of summary judgment in its favor.

Wherefore, premises considered, plaintiff, Pierre L. Bostic, respectfully requests the court to issue and order denying the district of Columbia's Motion to dismiss or Alternatively for Summary Judgment.

Respectfully submitted,

*[signature]*

Robert D. Scott, Esquire
D.C. Bar 425749
Counsel for Plaintiff
Post Office Box 247
Mount Rainier, MD  20712
302-864-8611

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

PIERRE L. BOSTIC

    Plaintiff

v.                                                            01:07-cv-1383
                                                                      (E.G.S.)

UNITED STATES CAPITOL POLICE, et al

    Defendants

### PLAINTIFF'S RULE 12-I (K) STATEMENT OF GENUINE ISSUES OF MATERIAL FACTS

1. There exists a genuine issue of material fact as to whether the Bostic 1 claim, which did not address any of plaintiff's federal questions, bars plaintiff's claim under 42 U.S.C. 1983, pursuant to the doctrine of *res judicata*.

2. Whether the statute of limitations pursuant to D.C. code 12-301 (4), as against the District of Columbia was tolled while plaintiff pursued his administrative remedy pursuant to the Federal Tort Claims Act.

3. Whether plaintiff is entitled to proceed with discovery on the issue of who and how information is put into and removed from the WALES system.

4. Whether the Superior Court of the District of Columbia and the district of Columbia Court of Appeals could have exercised jurisdiction over plaintiff's federal claim pursuant to 42 U.S.C. 1983.

5. Whether the Bostic 1 case addressed any issue other than whether there existed an agency relationship between the District of Columbia and the United States Capitol Police.

Respectfully submitted,

*/s/ Robert D. Scott/*

Robert D. Scott, Esquire
D.C. Bar 425749
Counsel for Plaintiff
Post Office Box 247
Mt. Rainier, MD 20712
301-864-8611

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Opposition to the District of Columbia's Motion to Dismiss or Alternatively for Summary Judgment was mailed first class, postage prepaid, this 13th day of July to:

Alexander Schoiabi
Assistant United States Attorney
Civil Division
555 – 4th Street, N.W.
Washington, D. C. 20001

Darrell Chambers
Assistant Attorney General
Civil Division
441 – 4th Street, N,.W., 6th Floor S.
Washington, D.C. 20001

_____
Robert D. Scott

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

PIERRE L. BOSTIC

    Plaintiff

v.

UNITED STATES CAPITOL POLICE, et al

    Defendants

01:07-cv-1383
(E.G.S.)

### ORDER

Upon consideration of the Motion to dismiss or alternatively for Summary Judgment filed by the District of Columbia and the opposition thereto, it is this \_\_\_\_ day of _____, 2008,

That the motion be and hereby is **DENIED**.

_____
JUDGE