UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PIERRE BOSTIC | ) |
|     Plaintiff | ) Civil Action No. 1:07-cv-01383 EGS |
| v. | ) |
| United States Capitol Police, *et al.* | ) |
|     Defendants | ) |
| _____ | ) |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

The District of Columbia ("the District"), through undersigned counsel, hereby files this Reply Brief to Plaintiff's Opposition to the District's Motion to Dismiss or, in the alternative, for Summary Judgment, stating:

In his Opposition to the District's motion, Plaintiff asserts that the WALES law enforcement system incorrectly provided information that his driver's permit was suspended. Plaintiff maintains that there exists a material fact as to who was/is responsible for the information contained in the WALES system and that discovery should proceed to make that determination. Plaintiff also asserts that pursuant to the Federal Tort Claims Act the statute of limitations for claims against the District was tolled for a period of two years after the incident so that Plaintiff could pursue his administrative remedies. Plaintiff's opposition is without merit and the Complaint against the District must be dismissed with prejudice and without leave to amend for the following reasons.

I.   PLAINTIFF'S NEGLIGENCE CLAIM IS BARRED BY THE DOCTRINE OF RES JUDICATA.

Plaintiff's negligence claim is founded on the premise that false information pertaining to his driver's license was placed in the WALES system, which led to the incident at issue. Plaintiff asserts that discovery is necessary to determine who was/is responsible for the information contained in the WALES system and claims that this question creates is a genuine dispute of a material fact. While the owner/operator of the WALES system may be material to the ultimate question of liability, it is not material to the disposition of this motion. This is so because Plaintiff's negligence claim against the District is barred by the doctrine of *res judicata*, which bars any subsequent action arising out of the same set of operative facts as the first action. It is immaterial which specific statutory causes of action were pled in the original complaint. Instead, a prior judgment on the merits of a case "'estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which *might have been* presented.'" *Johnson v. Capital City Mortgage Corp.*, 723 A.2d 852 (D.C. 1999) (emphasis added), (quoting *Carr v. Rose*, 701 A.2d 1065, 1070 (D.C. 1997)). The test is not whether the plaintiff actually litigated every issue that could have been raised, but that the plaintiff had a full and fair opportunity to so litigate. See <u>Trustmark Ins. Co. v. ESLU, Inc.</u>, 299 F.3d 1265, 1270 (11th Cir. 2002) (emphasis added).

Plaintiff's argument, simplified, is that the District failed to properly maintain the WALES system which resulted in his license being suspended when, in fact, it should not have been. This amounts to a claim of negligence against the District. Plaintiff certainly could have, and should have, brought his negligence claim in the Superior Court when he filed his first

lawsuit against the District arising from this incident.  He did not.  Plaintiff had a full and fair opportunity to bring all of his claims against the District in Bostic I.  Because the Superior Court dismissed that action on the merits, the Plaintiff's subsequent attempt to file the instant suit is barred under the doctrine of *res judicata*.

> II.     THE FEDERAL TORT CLAIMS ACT DOES NOT PROVIDE A STAY OF PROCEEDINGS TO EXHAUST ADMINISTRATIVE REMEDIES BEFORE FILING SUIT AGAINST THE DISTRICT OF COLUMBIA.

In his Opposition to the District's motion, Plaintiff asserts that the statute of limitations was tolled as against the District once he properly gave notice under D.C. Code § 12-309 and properly pursued his administrative remedy pursuant to the Federal Tort Claims Act.  Under District law, however, tolling principles applicable to statutes of limitations do not apply in cases involving § 12-309. See *Gross v. District of Columbia*, 734 A.2d 1077 (1999).  Moreover, the Federal Tort Claims Act governs claims against the Federal Government and does not apply to the District. 28 U.S.C. 2671 et seq.  Conspicuously absent from Plaintiff's Opposition are the details of the administrative remedy he claims to have undertaken.  Plaintiff fails to point to a single authority to support his bald assertion that the federal tort claims act contains a provision tolling the statute of limitations as to the District government for up to two years while he exhausts his administrative remedies.  Nor does Plaintiff specify the administrative procedures he followed, when he began those procedures, or when they ended. Without that information this Court is unable to determine when the statute began to run, if in fact it was tolled.  Nonetheless, plaintiff initially brought his claims against the District within the time required by the statute of limitations and should have brought all of his claims at that time.

Respectfully submitted,

PETER J. NICKELS

Acting Atty. General for the District of Columbia

GEORGE C. VALENTINE

Deputy Attorney General, Civil Litigation Division

/S/  Kimberly M. Johnson

KIMBERLY M. JOHNSON [435163]

Chief, Civil Litigation Sec. I

/S/   Darrell Chambers

DARRELL CHAMBERS [980872]

Assistant Attorney General

441 4TH Street, NW, Suite 600 South

Washington, D.C.  20001

202-724-6539

e-mail: darrell.chambers@dc.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of JULY, 2008, a copy of the foregoing, Defendant's Reply to Plaintiff's Opposition to Defendant's Motion To Dismiss Or In The

Alternative For Summary Judgment was served electronically upon: Robert D. Scott, Esquire, P.O. Box 247, Mt. Rainier, MD 20712, attorney for Plaintiff; Alexander Daniel Shoaibi, Assistant U.S. Attorney, 555 Fourth Street, NW, E-4218, Washington, DC 20530, *Attorney for the U.S. Capitol Police, And Officer Darryl Banks.*

/S/   Darrell Chambers

DARRELL CHAMBERS