**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                                )
PIERRE BOSTIC,                  )
                                )
          Plaintiff,            )
                                )
     v.                         )        Civil Action No. 07-1383 (EGS)
                                )
UNITED STATES                   )
CAPITOL POLICE, et al.,         )
                                )
          Defendants.           )
_____)
```

**MEMORANDUM OPINION**

Pierre Bostic filed this action in response to the events of February 14-16, 2004, during which he was arrested by Daryl Banks of the United States Capitol Police and incarcerated for two days before being released.  Bostic's claims include:  false arrest, false imprisonment, assault, battery, intentional infliction of emotional distress, and negligence.  The District of Columbia and the federal defendants move to dismiss, or in the alternative, move for summary judgment.  For the reasons stated below, both motions to dismiss will be **GRANTED.**

**I.  BACKGROUND**

On February 14, 2004, Daryl Banks, a Technician of the United States Capitol Police, pulled over a vehicle driven by Pierre Bostic.  *See* Federal Defs.' Statement of Material Facts

Not in Dispute ("Statement") [Dkt #30-2] at ¶ 1.[1]  The basis for

the vehicle stop was failure to properly display tags on the

front of the vehicle.  Statement at ¶ 1.  Banks reviewed Bostic's

license and registration and called the dispatcher to run a

WALES/NCIC check.[2]  Statement at ¶ 4.  The WALES report indicated

that Bostic's license was suspended.  Statement at ¶ 4.

Banks returned to the vehicle and told Bostic that his

license was suspended.  Statement at ¶ 8.  Bostic denied that his

license was suspended.  Statement at ¶ 9.  Nevertheless, Banks

arrested Bostic, handcuffed him, and put him into the vehicle of

another officer.  Statement at ¶ 10, 12.  Bostic bumped his head

on the car's roof while entering the vehicle, but did not inform

either officer that he bumped his head.  Statement at ¶ 12.

Bostic remained in custody for the following two nights

because he was on probation for a previous charge at the time of

the arrest.  Statement at ¶ 16.  On Monday, February 16, 2004,

Bostic appeared in court.  Statement at ¶ 18.  The Judge

---

[1]  Bostic's statement of material facts in dispute, *see* [Dkt. #34 at 8-9, 35 at 6], did not directly or indirectly controvert the statements in the Federal Defendants' statement of undisputed material facts, *see* [Dkt. #30-2].  Accordingly, the facts identified by the Federal Defendants, to the extent that they are inconsistent with the facts in the complaint, are deemed conceded.  LCvR 7(h).

[2]  The Washington Area Law Enforcement System ("WALES") is a database that contains criminal information and is used by law enforcement officers to run checks on car licenses, drivers' licenses and warrants.  Federal Defs.' Mot., Declaration of Sergeant Evelyn Settle [Dkt. #30-13 at ¶ 2].

dismissed the case against Bostic because the Department of Motor
Vehicles stated that Bostic's license was not suspended.
Statement at ¶ 18.

As a result of the events of February 14-16, 2004, Bostic
alleges that he suffered "physical injuries, personal and
permanent emotional distress and [that he] will continue to
suffer extreme emotional and mental anguish, anxiety and
humiliation."  Complaint [Dkt #1 at ¶ 15].  Bostic's only
complaint of physical injury, however, was that he had little
scratches on his wrist and a bump on his head.  Statement at ¶
19.  He did not seek medical treatment for the bump or scratches
because he considered the injuries "minor."  Statement at ¶ 19.
In addition to his alleged injuries, Bostic alleges that he "has
lost income, incurred medial expenses and legal fees."  Complaint
[Dkt #1 at ¶ 15].  Bostic did not, however, incur any medical
expenses or lose any income as a result of his arrest and two
night incarceration as he did not seek medical treatment and he
was unemployed at the time of the incident.  Statement at ¶ 20-
21.  Bostic alleges emotional injuries of "(1) feeling bothered
whenever he sees police; (2) spending Valentine's Day weekend in
jail; (3) not being able to take his daughter to the Ice Capades
on Valentine's Day weekend; and (4) feeling as if his rights have
been taken away from him."  Statement at ¶ 22 (citing Bostic's
deposition).

Bostic seeks attorney fees, compensatory damages in the amount of $1,000,000, and punitive damages in the amount of $1,000,000.  Complaint [Dkt #1].

## II.  DISTRICT OF COLUMBIA'S MOTION

The District of Columbia contends that Bostic's claims should be dismissed for failure to state a claim upon which relief can be granted because Bostic's claim is barred by the doctrine of *res judicata* and/or barred by the statute of limitations.  In the alternative, the District of Columbia moves for summary judgment.

To survive a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12 (b)(6), a plaintiff must make sufficiently detailed factual allegations in her complaint.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The allegations must "raise a right to relief above the speculative level."  *Id.* (citation omitted).  "In evaluating a Rule 12(b)(6) motion, the Court must accept as true all of the factual allegations contained in the complaint and grant the plaintiff the benefit of all inferences that can be derived from the facts alleged."  *Eleson v. United States*, 518 F. Supp. 2d 279, 282 (D.D.C. 2007) (internal citations and quotation marks omitted).  "However, 'a plaintiff's obligation to provide the grounds of his entitlement to relief [in his complaint] requires more than

-4-

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation" when considering a motion to dismiss.  *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"Under the doctrine of res judicata, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction."  *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971)).

Bostic's claim arose on February 14, 2004 when he was arrested by Banks.  On August 30, 2004, Bostic filed a lawsuit against the District of Columbia in the District of Columbia Superior Court.  That lawsuit involved the same parties and was derived from the same transaction, or series of connected transactions as the current lawsuit.  The complaints are virtually identical, with the exception that in the current lawsuit Bostic brings the claims under section 1983 and pleads a claim of negligence.  All of Bostic's claims arose out of the

same set of facts, however, and therefore Bostic could have, and
should have, brought the claims in his first suit in Superior
Court.  *See Advantage Health Plan, Inc. v. Knight*, 139 F. Supp.
2d 108, 110 (D.D.C. 2001).

The lawsuit filed in Superior Court resulted in a final
judgment which precludes the relitigation of the claims in this
Court.  The Superior Court dismissed the suit against the
District of Columbia on December 8, 2004 because Banks was not an
employee of the District of Columbia and therefore the District
of Columbia could not be held liable for his tortuous acts.  *See*
District of Columbia's Motion, Exhibit #2 [Dkt. #26-2].  The
District of Columbia Court of Appeals affirmed that decision in
August 2006.  Because the Superior Court clearly intended to
terminate all proceedings as to Bostic's claims, Bostic's current
suit against the District of Columbia is barred by the doctrine
of *res judicata*.  *See Dyer v. William S. Bergman & Assocs., Inc.*,
635 A.2d 1285, 1287 (D.C. 1993) (a final order disposes of the
whole case on the merits and leaves the court with nothing left
to do but execute the judgment).

## III.  UNITED STATES OF AMERICA'S MOTION

The federal defendants assert that this Court lacks subject
matter jurisdiction over Bostic's claims because the Federal Tort
Claims Act does not waive the federal government's sovereign
immunity for constitutional tort claims or for claims related to

-6-

the government's discretionary functions.  The federal defendants
further argue that Bostic failed to state a claim for false
arrest, false imprisonment, assault, battery, intentional
infliction of emotional distress, and negligence.  In the
alternative, the federal defendants move for summary judgment.

It is well-settled that, as sovereign, the federal
government is subject to suit only insofar as it has consented to
suit.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a
waiver, sovereign immunity shields the Federal Government and its
agencies from suit.").  With certain exceptions, the federal
government has consented to suit under the Federal Tort Claims
Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680, for acts
or omissions that would constitute torts at common law. 28 U.S.C.
§ 2674.

Bostic's suit attempts to hold the federal government liable
for a violation of his "federal civil rights under the Fourth
Amendment to the United States' Constitution."  Complaint Dkt. #1
at ¶ 1.  He does not point to any authority that suggests the
federal government has waived its immunity for such a claim,
though, and indeed, the Supreme Court has already concluded that
the federal government has not rendered itself liable for
constitutional tort claims.  *F.D.I.C.*, 510 U.S. at 478.
Accordingly, this Court lacks subject matter jurisdiction over
Bostic's claims against the United States, the United States

Capitol Police, and Daryl Banks[3] in his official capacity as Technician.

Bostic's claims for negligent training and supervision are also barred for lack of subject matter jurisdiction.  The federal government has not waived immunity for claims that arise out of discretionary functions.  *Sloan v. U.S. Dept. of Housing and Urban Dev.*, 236 F.3d 756 (D.C. Cir. 2001) (the district court lacks subject matter jurisdiction over any claim "'based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" (quoting 28 U.S.C. § 2680(a))).  The defendants' training and supervision of employees is exactly the kind of discretionary function that is not subject to judicial second-guessing.  *See Daisley v. Riggs Bank, N.A.*, 372 F. Supp. 2d 61, 81-82 (D.D.C. 2005).  Accordingly, this Court lacks subject matter jurisdiction over Bostic's negligence claims.  *See id.*

Even if this Court had jurisdiction over Bostic's claims, the claims would be dismissed for failure to state a claim upon

---

    [3] Banks is entitled to immunity in any event for actions taken in his official capacity because he was acting within the scope of his federal employment.  *See* 28 U.S.C. § 2679(d)(1); *see also* Federal Defs.' Mot., Certification Dkt. #30-12 (certifying that Banks was acting within the scope of his employment).  Thus, the United States of America is substituted as a defendant.

which relief can be granted because Bostic failed to plead even
the most basic elements of these causes of action.  *See* Fed. R.
Civ. P. 12(b)(6).  It is undisputed that Banks had probable cause
to stop Bostic's vehicle for improperly displayed tags and to
arrest Bostic after the WALES report indicated that his license
was suspended.  Bostic admits that Banks could not have ignored
the WALES report and relied on Bostic's own contention that his
license was not suspended.  Furthermore, Bostic's arrest was
proper because he was on probation and his incarceration was not
unreasonable considering his arrest on Saturday and the next
available court date on Monday.  Accordingly, Bostic was not
unlawfully restrained and thus has no claim of false arrest or
false imprisonment.  *See Edwards v. Okie Dokie, Inc.*, 473 F.
Supp. 2d 31, 44 (D.D.C. 2007) (elements of false arrest and false
imprisonment are the same and include the *unlawfulness* of the
restraint).

Bostic has not set forth any evidence that he was assaulted.
*See Evans-Reid v. District of Columbia*, 930 A.2d 930, 937 (D.C.
2007) (defining assault and battery and explaining that a police
office has a qualified privilege to use reasonable force to
effect an arrest so long as the means are not in excess of what
the officer reasonably believes is necessary under the
circumstances).  The only physical injuries Bostic complains of
are a bump on his head and scratches on his wrist, which he

-9-

describes as "minor" injuries that did not necessitate medical attention.  Bostic does not allege any unreasonable behavior on the part of Banks or any other law enforcement officer. Regarding Bostic's claim of emotional distress, the defendants admit that Bostic's arrest and two day incarceration were likely distressing, but Bostic has not plead any facts that would suggest he has suffered "severe" emotional distress or that the defendants' conduct was extreme or outrageous.  *See Browning v. Clinton*, 292 F.3d 235, 248 (D.C. Cir. 2002) (intentional infliction of emotional distress involves conduct so "outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  (internal quotations omitted)).

Regarding Bostic's negligence claims, he failed to state a claim upon which relief could be granted.  Bostic's claim focuses exclusively on the inaccurate WALES report, but does not allege that the federal defendants were responsible for the inaccurate report or that they could have, or should have, done anything to avoid the situation that led to this lawsuit.  In the end, Bostic has not alleged any negligence on the part of the federal defendants and has therefore failed to state a claim.

To the extent that Bostic alleges a *Bivens* claim against Banks in his individual capacity, Banks is entitled to qualified

immunity.  "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Banks' vehicle stop and arrest of Bostic was well within the reasonableness standard of the Fourth Amendment and therefore Banks could not have known he was violating a clearly established constitutional right; indeed, no constitutional right was violated.

**IV. CONCLUSION**

    For the foregoing reasons, the District of Columbia's motion to dismiss and the federal defendants' motion to dismiss will be **GRANTED.**  An appropriate Order accompanies this Memorandum Opinion.

Signed:   **Emmet G. Sullivan**
          **United States District Judge**
          **August 6, 2009**